IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Eugene Mott, | C/A No.: 1:13-2681-RMG-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Samuels, Director of the Bureau of Prisons; Rivera, Warden; Cassaro, Supervising Attorney; Bernardo, Acting Camp Administrator; and E.K. Carlton, Executive Camp Administrator, | |
| Defendants. | |

Plaintiff Robert Eugene Mott, is an inmate currently incarcerated at a Federal Prison Camp in Talladega, Alabama. Proceeding pro se and in forma pauperis, he brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] alleging a violation of his constitutional rights while incarcerated at the Federal Correctional Institution in Estill, SC ("FCI-Estill") in the custody of the Bureau of Prisons ("BOP"). He sues the following defendants: BOP Director Charles Samuels; FCI-Estill Warden Mildred Rivera; BOP Supervising Attorney Tami Cassaro; Acting Camp Administrator Bernardo; and Executive Camp Administrator E.K. Carlton (collectively "Defendants"). [Entry #1 at 1, 5].

---

[1] *Bivens* established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Bivens*, 403 U.S. at 397; *see also Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that while incarcerated at FCI-Estill, he requested a temporary release "to visit his dying mother's bedside" on May 16, 2012. [Entry #1 at 1–2]. Prison staff allegedly ignored the request, and Plaintiff submitted an additional request for temporary release on August 13, 2012.  *Id.* at 2.  On August 31, 2012, Plaintiff received a response from defendant Bernardo, indicating that the request had been denied on July 24, 2012.  *Id.* The BOP allegedly based the denial on a state firearm charge Plaintiff received, but which he claims "was subsequently dropped by state prosecutors and incurred by federal prosecutors." *Id.* Plaintiff asserts that Defendants "were negligent in failing to properly review Plaintiff's file before issuing the decision" and that defendant Cassaro "failed to thoroughly investigate the Plaintiff's file to ascertain whether [he] was actually charged and convicted of possession of a firearm." *Id.* at 3. Plaintiff alleges he was unable to attend his mother's funeral and that he suffered pain and suffering and emotional distress. *Id*. at 4. Plaintiff seeks injunctive relief and damages for violation of his constitutional rights.  *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.     Analysis

Plaintiff alleges Defendants violated his due process rights and acted negligently. Because a *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 n.30 (1982).

#### 1.     No constitutional right to temporary release

Plaintiff alleges Defendants denied him due process in refusing to grant his request for temporary release. [Entry #1 at 3, 5]. A prisoner has no protected liberty interest in a furlough. *See Bowser v. Vose*, 968 F.2d 105, 106 (1st Cir. 1992) ("It is clear that the denial of a furlough implicates no inherent liberty interest.") (collecting cases); *see also Franklin v. Johns*, C/A No. 5:09-CT-3023-D, 2011 WL 9977048, at *5 (E.D.N.C. Jan. 18, 2011) (collecting cases). As Plaintiff asserts in the complaint, the "Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period" to visit a relative who is dying or attend a relative's funeral. 18 U.S.C. § 3622(a)(1), (2). Further, a warden "may authorize a furlough, for 30 calendar days or less for an inmate to . . . [b]e present during a crisis in the immediate family." 28 C.F.R. § 570.33(b). However, while such regulations "state the conditions that must be satisfied before a furlough is granted, the regulations do not require the granting of a furlough upon the satisfaction of these conditions." *Clay v. LaManna*, C/A No. 8:08-328-GRA, 2008 WL 4680579, at *3 (D.S.C. Oct. 21, 2008); *see also Greenholtz v. Inmates of Nebraska Penal and Corr.*

*Complex*, 442 U.S. 1, 9–10 (1979) (finding no liberty interest in release from custody where the grant or denial of the request rests within the discretion of prison officials). Thus, Plaintiff's due process claim is subject to summary dismissal.

    2.  Negligence is not cognizable under *Bivens*

Plaintiff further alleges that Defendants' failure to properly review his file constitutes negligence. [Entry #1 at 3–4]. However, the law is well settled that negligence is not actionable under 42 U.S.C. § 1983 or *Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). Therefore, Plaintiff's negligence claim is also subject to summary dismissal.[2]

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

---

[2] Plaintiff submitted a letter from the United States Department of Justice, dated March 20, 2013, denying administrative settlement of a claim under the Federal Tort Claims Act ("FTCA"). [Entry #1-1 at 14–15]. Plaintiff does not name the United States as a defendant in this action and personal capacity suits against federal employees are not cognizable under the FTCA. *See Cruz v. United States*, C/A No. 5:12-2149-CMC-KDW, 2013 WL 5231542, at *5 (D.S.C. Sept. 13, 2013) (collecting cases). Further, the complaint states only the intent to redress an alleged deprivation of Plaintiff's constitutional rights. [Entry #1 at 1, 5]. Therefore, the complaint has not been construed as a suit under the FTCA.

IT IS SO RECOMMENDED.

December 6, 2013                                             Shiva V. Hodges
Columbia, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).